# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2011

No. 09-60948
Summary Calendar

Lyle W. Cayce
Clerk

JANE OMI WATSON-BAILEY,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 030 874

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Jane Omi Watson-Bailey appeals the dismissal by the Board of Immigration Appeals (BIA) of her appeal of the order of the immigration judge (IJ) denying her asylum, withholding of removal, and relief under the Convention Against Torture (CAT). She conceded before the IJ that she was subject to removal under 8 U.S.C. § 1182(a)(7)(A)(i)(I), which provides that any immigrant who, at the time of application for admission, is not in possession of a valid entry document is inadmissible.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

She argues that such relief should have been granted because of the threat that her two United States citizen daughters would be forced to undergo female genital mutilation (FGM) if she were removed to Nigeria, and because of the threat that she would be beaten and subjected to discrimination for her opposition to the practice.  Whether an alien has demonstrated eligibility for asylum, withholding of removal, and CAT relief is a factual determination that we review for substantial evidence.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under the substantial evidence standard, Watson-Bailey has the burden of showing that the evidence in support of her claims is so compelling that no reasonable fact-finder could reach a contrary conclusion.  *Id.*; *see* 8 U.S.C. § 1252(b)(4)(B).

Watson-Bailey sought asylum on the basis of "a well-founded fear of future persecution."  8 C.F.R. § 1208.13(b).  However, under § 1208.13(b)(2)(ii), "[a]n applicant [for asylum] does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so."  The BIA found that Watson-Bailey could relocate to a part of Nigeria where FGM is rarely practiced, and the evidence does not compel a contrary conclusion.  *See Chen*, 470 F.3d at 1134.  She now contends that the BIA applied the wrong standard when considering whether relocation was reasonable, and she argues that the record evidence shows that civil strife and ethnic discrimination make it unreasonable to expect her to relocate.  However, she did not raise these arguments before the BIA, and we lack jurisdiction over them.  8 U.S.C. § 1252(d)(1).

Watson-Bailey also challenges the BIA's ruling on her request for asylum on humanitarian grounds. The Attorney General has discretion to grant asylum in the absence of a well-founded fear of persecution if an applicant "has demonstrated compelling reasons for being unwilling or unable to return . . . arising out of the severity of the past persecution" or if she establishes a

reasonable possibility of suffering "other serious harm" upon removal.  8 C.F.R. § 1208.13(b)(1)(iii).  Although Watson-Bailey argues that the BIA should have remanded her humanitarian asylum claim to the IJ for further fact-finding, she did not file a motion to remand with the BIA as required by 8 C.F.R. § 1003.1(d)(3)(iv).  Accordingly, we lack jurisdiction to review the BIA's failure to remand the humanitarian asylum claim to the IJ.  *See* § 1252(d)(1).  Watson-Bailey also contends that the BIA erred by considering only whether she had demonstrated compelling reasons arising out of past persecution instead of also considering whether there was a reasonable probability that she would suffer "other serious harm" upon removal, but the BIA's order responded to the specific argument presented in her brief, in which she cited only a BIA case dealing with humanitarian asylum based on past persecution.  That the BIA responded to her specific arguments does not make its decision "manifestly contrary to the law and an abuse of discretion."  § 1252(b)(4)(D).

As with her asylum claim, Watson-Bailey failed to argue before the BIA that she should be granted withholding of removal because relocation was unreasonable in light of country conditions such as civil strife and discrimination.  To the extent that she now challenges the denial of withholding of removal on that basis, we lack jurisdiction to review her claim.  § 1252(d)(1). Substantial evidence otherwise supports the BIA's denial of asylum on the basis that Watson-Bailey could relocate to an area of Nigeria where the risk of FGM is much lower.  *See* 8 C.F.R. § 1208.16(b)(2); *Chen*, 470 F.3d at 1134.

Watson-Bailey also contends that the BIA erred in denying her request for relief under the CAT, but the regulations governing such relief define torture, in part, as involving the consent or acquiescence of a public official.  8 C.F.R. § 1208.18(a)(1).  The record shows that several Nigerian states, including Watson-Bailey's home state of Bayelsa, have banned FGM and that the federal government publicly opposed the practice.  Accordingly, while the record evidence also indicated that enforcement of anti-FGM laws at the local level has

been inconsistent, substantial evidence supports the BIA's finding that she is not likely to be tortured if she is removed to Nigeria. *See id.* In addition, record evidence shows that Watson-Bailey could relocate to a part of Nigeria where fewer than 1% of women have undergone FGM, and she cannot show that the evidence in support of her claim "is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen*, 470 F.3d at 1134; *see also* § 1208.16(c)(3) ("[A]ll evidence relevant to the possibility of future torture shall be considered, including, but not limited to . . . [e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured.").

PETITION DENIED.